McINNIS, Judge ad hoc.
On February 15, 1949 plaintiff purchased two used automobiles from defendant, one of which was a Ford Coupe, which plaintiff afterwards sold to Oren Jones on April 16, 1949. Defendant warranted title to the two automobiles sold plaintiff against mortgages, liens and encumbrances. Plaintiff also warranted the Ford Coupe sold to Jones to be free of any liens, mortgages or encumbrances.
On October 27, 1949, Motors Securities Company, Inc. filed a suit against J. E. Hamlet, Jr., formerly a resident of Grant Parish, Louisiana, but then alleged to be absent from the State of Louisiana, alleging that it is the bona fide holder and owner for value before maturity of a chattel mortgage note dated September 24, 1948, for $987, executed and signed by J. E. Hamlet, Jr., payable to the order of R. C. Beauboeuf, and by him endorsed to a petitioner payable in 15 equal installments of $65.80 each, the first installment being due October 24, 1948, with 8% per annum interest from maturity, until paid, and 15% attorney’s fees, if placed in the hands of an attorney for collection, after maturity.
Annexed to the petition is the note and a certified copy of the chattel mortgage, in which the maker of the note confessed judgment and agreed that in event of default in payment of the note, according to its tenor, the automobile might be seized and sold by executory process, for cash, to the last and highest bidder. It also waived the three and five days notice provided by Article 735 C.P. and notice of seizure and three days delay provided by Article 655 C.P., and consented that the automobile might be immediately seized without prior notice.
It alleged that the balance due is $340.60, and that failure to pay the installment due August 24, 1949 had the effect of maturing all remaining installments, according to the tenor of the note and mort *460 gage; that, at the time of the execution of the note and chattel mortgage, Hamlet was a resident of Grant Parish, Louisiana, but is presently absent from the State, and that the automobile is presently located in Jackson Parish, Louisiana, having been removed from Grant Parish without its consent.
W. T. Holloway, an attorney of Jones-boro, Jackson Parish, was appointed Curator ad hoc to represent the absent defendant, and citation was issued to him. The automobile was seized.
On November 10, 1949, plaintiff gave a check to Motors Securities Company, Inc. for $384.66 to cover the balance due on the note, with interest and attorney’s fees, and on November 15, 1949, plaintiff gave a check to the Clerk of Court, Jackson Parish, for $12.68 for the costs of court to protect its warranty to Jones.
On December 8, 1949, plaintiff sent a 'statement to defendant for $397.34, being the total of the two checks, and its attorney addressed a letter to defendant, demanding payment and advising that if not paid, suit would be filed. Not receiving payment, suit was filed on January 13, 1950 for $397.34 and $150 attorney’s fees, with legal interest from judicial demand. The petition alleges that oral notice was given defendant when the automobile was seized and it is admitted that defendant did nothing to protect the warranty.
The answer to plaintiff’s petition is a general denial.
After trial in the District Court there was judgment rejecting the demands of plaintiff, as of non-suit, and plaintiff has appealed from the judgment dismissing its suit, and in 'brief here asks that the judgment be reversed and that judgment be rendered in favor of plaintiff, as prayed for; and, alternatively, it is asked that the case be remanded to allow plaintiff to introduce further evidence.
On the trial of the case most of the evidence offered by plaintiff was objected to by defendant. Plaintiff offered in evidence the suit of Motors Securities Company, Inc. v. Hamlet, with the note and a certified copy of the chattel mortgage annexed. Introduction of the certified copy of the chattel mortgage was objected to for the reason that the copy fails to show the date it was filed for record and recorded in Grant Parish. The offering was admitted subject to the objection. On consideration of the case the District Judge concluded that the failure to show the date of filing and recordation of the chattel mortgage was fatal to the plaintiff’s demand, for the reason that unless it be shown that the chattel mortgage was of record before the date of sale of the automobile by defendant to plaintiff, there was no legal encumbrance on it at the time of the sale.
We are of the opinion that this ruling is correct, and, for this reason there is no need to discuss the many objections made by defendant to the introduction of practically all of the evidence, oral and documentary, offered by plaintiff. These objections will likely be taken care of by plaintiff in the trial of another suit, which he can file on this same cause of action.
Plaintiff says the defense that the copy of the chattel mortgage fails to show the date of its filing and recordation is highly technical and should not prevail, and that we should remand the case to the District Court to allow an opportunity to show the date of filing and recordation.
We agree that the defense is technical. However, defendant had the right to make it, and in our opinion, plantiff should have moved for a new trial or a re-opening of the case in the District Court. If it had exhausted all its remedies in the District •Court without obtaining relief, then we would be inclined to grant the request to remand the case to allow further evidence. Having failed to do this, we are of the opinion that the relief sought here cannot be given.
For these reasons the judgment appealed from is affirmed, plaintiff, appellant, to pay the costs in both courts.
KENNON, J., not participating.